# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **RUSSELL ARTRIP** | ) | |
| Plaintiff, | ) | Civil Action No. 2:07cv00023 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CAROLYN W. COLVIN**,[1] | ) | |
| **Commissioner of Social Security**, | ) | By: PAMELA MEADE SARGENT |
| Defendant. | ) | UNITED STATES MAGISTRATE JUDGE |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 22) ("the Motion"). Based on the reasoning set out below, the Motion will be granted, but an attorney's fee in an amount less than that sought by plaintiff's counsel will be awarded.

Russell Artrip filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered March 5, 2008, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rules of Civil Procedure Rule 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

No. 20.)  Counsel for Artrip now has filed a petition seeking approval of a fee of $5,400.00 for representing Artrip in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 22.)  The Commissioner has filed a response to the Motion, while not outright objecting to the Motion, raising "concerns regarding the fee agreement upon which [the] [M]otion appears to be predicated" and advising the court that it "may wish to consider denying Plaintiff's counsel's motion." (Docket Item No. 25.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011).  The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Although Artrip's counsel has not provided the court with any fee agreement, the Commissioner has provided one, which she states appears to be the agreement upon which Artrip's Motion is predicated.  This agreement is captioned "Fee Approval Prior To The Issuance Of A Decision," and it states, in part, as follows:

> The following fee agreement … specif[ies] the fee the representative

> expects to charge and the claimant expects to pay for service the representative provides in pursuing the claimant's benefits rights before SSA. We agree that if SSA favorably decides the claim (s), I will pay my representative a fee equal to the lesser <u>25%</u> percent (not to exceed 25 percent) of the past-due benefits resulting from the claim (s) or <u>$5,300.00</u> (flat rate amount which is less than $5,300.00).

(Docket Item No. 25, Exhibit 2). The Commissioner further states that Agency records show that based on this agreement, one of Artrip's attorneys was paid $5,300.00 pursuant to 42 U.S.C. § 406(a)(2) on September 22, 2012. Artrip's counsel has provided the court with a copy of the Social Security Administration's January 27, 2013, Award Notice, which states that Artrip's past-due benefits are $81,075.90 for January 2007 through August 2012. This Award Notice further states that "[u]nder the fee agreement, the lawyer cannot charge you more than $5,300.00 for his or her work." (Docket Item No. 22, Attachment 1).

I find that the Commissioner is correct that the fee agreement provided to the court pertains only to work performed before the Social Security Administration. However, that does not foreclose plaintiff's counsel from seeking a fee under 42 U.S.C. § 406(b) for work performed in this court. Instead, the court must consider counsel's § 406(b) fee request under the traditional "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate to assess the reasonableness of the fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay

allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. The fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, counsel has not supplied any evidence other than the itemized time spent in the proceedings in this court. Plaintiff's counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time. The court notes that, although plaintiff's counsel states that a total of 27 hours was spent in representing Artrip in this court, the itemization actually reflects 26 hours. Dividing the requested $5,400.00 fee by 26 hours results in an hourly rate of $207.69. This court has allowed similar hourly attorney rates in other social security fees cases. *See Deel v. Astrue*, 2008 WL 4948440 (W.D. Va. Nov. 14, 2008) (finding $226.21 per hour reasonable in § 406(b) case); *Henshaw v. Barnhart*, 317 F. Supp. 2d 657 (W.D. Va. 2004) (finding $250 hourly fee reasonable); *Lewis v. Barnhart*, 2004 WL 3454545, at *1 n.1 (W.D. Va. June 11, 2004) (stating an hourly rate of approximately $225 is generally the highest rate approved by the court in noncontingency fee cases). I find that such an hourly rate in this case is reasonable, given the attorney's experience litigating social security claims, the contingency risk inherent in social security disability cases, the lack of any evidence that counsel's actions contributed to a delay allowing an accumulation of past-due benefits, the fact that the benefits awarded are not large in comparison to the amount of time expended by counsel and counsel's ultimate success in securing past-due benefits for Artrip.

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3674009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 1.00 hour of time for "Client in the office to complete application to proceed without prepayment of fees." I find that no compensated time should be allowed for this activity, as it consisted of Artrip completing a simple two-page form regarding his financial status. Counsel also claims .25 hour of attorney time for electronically filing the IFP form and .25 hour of attorney time for receipt of the order granting IFP status. I find the request for .25 hour of attorney time for receipt of the IFP order reasonable, but will allow .25 hour of paralegal time for the electronic filing of the form. Counsel claims .25 hour of attorney time for "Electronically filed Notice of Correction" and .25 hour

of attorney time for "Electronically filed amending filing dated to 5-11-07." A check of the docket reveals that these were entries made by the Clerks Office which counsel merely reviewed and I, therefore, will allow .25 hour of attorney time for these activities combined. Counsel also claims 3.00 hours of attorney time for preparation of the Complaint, Summons and Civil Cover Sheet and 1.00 hour of attorney time for electronically filing the same. I will allow 1.00 hour of attorney time and .25 hour of paralegal time for these activities combined. Counsel claims .25 hour of attorney time for "Electronically filed Consent to Jurisdiction of US Magistrate Judge" and .25 hour of attorney time for "Consent to Jurisdiction by the USDC Magistrate Judge." The first request appears to be in connection with counsel's review of the court's standard one-page notice. The second request is for the actual filing of the plaintiff's consent to magistrate judge jurisdiction – also a standard one-page form. I will allow .25 hour of attorney time for both of these activities combined.

Plaintiff's counsel claims 2.00 hours of attorney time for "Filed via certified Mail to Attorney General, US Dept. of Justice, US Attorney of Western Dist. Of VA and the Office of the Regional Chief Counsel," .50 hour of attorney time for "Received return of Service of Complaint and Summons," .25 hour of attorney time for "Received and reviewed Briefing Notice" and .25 hour of attorney time for "Received the Answer and Administrative Transcript." It is not clear from the itemized statement, but it appears that the first request relates to the filing of the return of service of the Complaint and Summons. I will allow .25 hour of paralegal time and .25 hour of attorney time for these activities combined. Plaintiff's counsel also claims .25 hour of attorney time for "Electronically filed request for extension on file" and .25 hour of attorney time for "Received Order granting extension." Again, a check of the docket reveals that this was not an

extension filed by plaintiff's counsel, but by the Commissioner. The motion for extension was a standard one-page motion, in which the Commissioner stated the extension had been agreed to by plaintiff's counsel. Likewise, the order granting the motion was a standard one-page document. I will allow .25 hour of attorney time for these activities combined. Plaintiff's counsel claims 11.00 hours of attorney time for preparation of the brief. However, a review of the brief submitted in connection with the summary judgment motion in this case reveals that there were no novel or complex issues involved, and the medical facts do not appear to be based on voluminous medical records. I will allow 8 hours of attorney time for this activity. Plaintiff's counsel claims 1.00 hour of attorney time for electronically filing the brief. However, this is a task routinely completed by office staff, and I will allow .25 hour of paralegal time for this activity. Plaintiff's counsel claims .25 hour of attorney time for receipt and review of the court's Memorandum Opinion, which I find reasonable. Lastly, counsel claims 3.00 hours of attorney time for preparation of the fee petition currently before the court. However, I will allow 1.00 hour of paralegal time and .25 hour of attorney time for this activity.

Based on the above reasoning, I will not award the $5,400.00 attorney's fee requested by plaintiff's counsel. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 10.75 hours of attorney time compensable at the $207.69 per hour attorney rate, for a total of $2,232.67 in compensable attorney time. The remaining nonattorney activities total 2.00 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services com-

pensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $150.00. Adding the respective attorney and nonattorney totals amount to a total compensable fee in this case of $2,382.67.

For all of the reasons stated above, I find that plaintiff's counsel is entitled to an award of an attorney's fee under 42 U.S.C. § 406(b) for representing Artrip in this court. I find that the existence of the fee agreement pertaining only to counsel's representation of plaintiff before the Social Security Administration does not foreclose counsel from obtaining a fee for his representation of plaintiff in this court. However, I find that the $5,400.00 fee sought by counsel, although still within the 25 percent cap when combined with the $5,300.00 fee already awarded under the existing fee agreement, is not reasonable because counsel's itemization of tasks reveals that certain activities should be reduced or eliminated, while others should be categorized as paralegal time, as opposed to attorney time and, therefore, calculated at a lower hourly rate. Nonetheless, I find that $207.69 is a reasonable hourly rate for the attorney time, and $75 is a reasonable hourly rate for the nonattorney time. Therefore, I will grant the Motion, and a judgment will be entered awarding plaintiff's counsel a fee of $2,382.67.

DATED: April 5, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE